UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WAYNE YUSPEH, et al.**                                              CIVIL ACTION

**VERSUS**                                                            No. 07-9491

**STATE FARM FIRE & CASUALTY COMPANY**                                Section I/3

ORDER AND REASONS

Before the Court are objections to Magistrate Judge Daniel E. Knowles, III's order denying defendant's motion to compel reinspection and a motion to extend the deadline to submit expert reports filed by defendant State Farm Fire and Casualty Company ("State Farm"). For the following reasons, the U.S. Magistrate Judge's order is **AFFIRMED** and defendant's motion to extend the expert reports deadline is **DENIED.**

BACKGROUND

Plaintiffs, Wayne and Amy Yuspeh ("the Yuspehs"), filed this lawsuit against their homeowner's insurer, State Farm, on August 28, 2007, seeking payments in addition to the payment made by State Farm in November, 2005 for damages to their home allegedly caused by Hurricanes Katrina and Rita.[1]

Plaintiffs' claim includes damages to a parapet wall.[2] State

---

[1] Plaintiff's petition alleges State Farm paid $70,559.04 for their loss due to the hurricanes. However, plaintiffs contend that State Farm omitted "a large extent of the damages" from its calculation and that their total damages near $400,000. Rec. Doc. No. 1-1, p. 2-3, paras. VIII-X.

[2] Rec. Doc. No. 40-1, p. 2.

Farm's expert inspected the Yuspehs' property on July 17, 2008, but he did not climb on the roof to inspect the wall.[3]

At a deposition subsequent to the inspection, plaintiffs' expert testified to specific issues relating to the wall's structure, particularly that the wall is so damaged that it can be moved back and forth.[4] Defendant contends that in light of plaintiffs' expert testimony, defendant should be allowed an opportunity for a limited reinspection.

On October 6, 2008, defendant filed a motion to compel reinspection.[5] The U.S. Magistrate Judge denied the motion on October 9, 2008, pointing to the expired discovery deadline and expert report deadline.[6] Four days later, State Farm filed objections to the U.S. Magistrate Judge's order pursuant to Federal Rule of Civil Procedure 72(a), and State Farm further moved to extend the deadlines for expert reports.

## LAW AND ANALYSIS

### I. Rule 72(a) Objections

Rule 72(a) of the Federal Rules of Civil Procedure permits the Court to review a magistrate judge's order on non-dispositive pretrial matters if a party objects within ten days after service of the order. Fed. P. Civ. P. 72(a). The Court may reverse only

---

[3] *Id.*

[4] *Id.*

[5] Rec. Doc. No. 34.

[6] Rec. Doc. No. 38.

upon a finding that the order is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. §636(b)(1)(A); *Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). This Court has previously held that "a motion to review is appropriate when a magistrate judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Hunter v. Copeland*, No. 03-2584, 2004 WL 1562832, at *1 (July 12, 2004).

The U.S. Magistrate Judge denied defendant's motion to compel reinspection "for the reason that the discovery and expert deadlines have expired."[7] The Court's scheduling order initially scheduled September 8, 2008 as defendant's deadline to exchange expert reports. Pursuant to an unopposed motion, the Court extended defendant's deadline to September 12, 2008.[8] The Court also, based on an unopposed motion filed by plaintiffs, extended the discovery cut-off from September 23, 2008 to October 8, 2008.[9] Magistrate Judge Knowles' order was neither clearly erroneous nor contrary to law, and his order denying reinspection of plaintiff's property is **AFFIRMED**.

## II. Motion to Extend Expert Reports Deadline

In light of the U.S. Magistrate Judge's order denying

---

[7] Rec. Doc. No. 38.

[8] Rec. Doc. No. 21.

[9] Rec. Doc. No. 24.

defendant's motion to compel reinspection based on the expired deadlines, defendant has moved to extend the expert report deadline. Rule 16(b) of the Federal Rules of Civil Procedure allows a modification of the scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). The party moving for modification carries the burden of demonstrating good cause. *See S&W Enters., L.L.C. v. Southwest Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).

In *Reliance Insurance Co. v. Louisiana Land and Exploration Co.,* the United States Court of Appeals for the Fifth Circuit set forth four factors to consider when analyzing whether good cause exists to modify a scheduling order: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). The Fifth Circuit explained that the first and third factors weigh against modification of the schedule and stated that "[d]istrict judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." *Id.* at 257–58.

State Farm argues that it was not until after its expert, Don Barnes, inspected plaintiffs' property, that plaintiffs' expert testified for the first time at a deposition that the wall moved

when touched.[10] State Farm acknowledges that plaintiffs had testified in their deposition three days before the inspection that the wall moved, but argue that plaintiffs' testimony is "not decisive" because they are not experts.[11]

Plaintiffs respond that at the time of Barnes' July 17, 2008 inspection, Barnes had their expert's report, which concluded that the parapet wall had failed as a result of the hurricane winds. State Farm received the report on December 13, 2006.[12]

The report produced by plaintiffs' expert states that the "parapet wall at the rear one story wing of the home has failed. It appears all lateral support ties holding the wall and possible the main support framing has failed rendering the wall a potential safety issue in the event of collapse."[13] Although the report does not state in specific words that the wall "moves," State Farm should have been alerted by the failed "lateral support," "main support framing," and potential "collapse."[14] Given both this report and testimony by the plaintiffs that the wall "was completely loose" and could be moved[15], State Farm was on notice of these issues before its expert inspected the property. Therefore, its

---

[10] Rec. Doc. No. 40-1, p. 4.

[11] *Id.*

[12] Rec. Doc. No. 43, p. 1.

[13] Rec. Doc. No. 40-2.

[14] *Id.*

[15] "[T]his rear wall right here was completely loose. You could move it a few inches in each direction easily." Rec. Doc. No. 39-1, p. 2.

explanation for failing to fully inspect or "physically climb on the roof" to inspect the wall is unavailing.

Other than providing its explanation for failing to fully inspect the wall, State Farm does not address the other factors relevant to a good cause analysis. Although State Farm does not specifically discuss the importance of its expert's testimony regarding the movement of the wall, defendant does state that the inspection "will assist the Court in resolving the ultimate issues."[16] Notwithstanding, defendant's inadequate explanation and any potential prejudice to plaintiffs weigh against modification of the schedule.[17]

Considering these factors and the Court's prior order extending this deadline,

**IT IS ORDERED** that the motion to extend defendant's expert report deadline is **DENIED.**

New Orleans, Louisiana, October 28th, 2008.

_____
LANCE M. AFRICK

---

[16] Rec. Doc. No. 40-1, p. 4.

[17] Plaintiffs' response does not address whether they will be prejudiced by an extension of the expert deadline. However, the Court notes that trial is scheduled for December 1, 2008, just over a month away. Therefore, extension of this deadline, which expired on September 12, 2008, will likely lead to the need for supplemental reports and further depositions, placing the trial date at risk for continuance.

**UNITED STATES DISTRICT JUDGE**